IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01212-PAB-MEH

LISA MILES a/k/a Elisa Marie Miles, and those similarly situated,

    Plaintiff/Counter Defendant,

v.

BKP INC.,
ELLA BLISS BEAUTY BAR LLC,
ELLA BLISS BEAUTY BAR - 2, LLC,
ELLA BLISS BEAUTY BAR - 3, LLC,
BROOKE VANHAVERMAAT,
KELLY HUELSING, and
PETER KOCLANES,

    Defendants/Counter Claimants.

## ORDER

This matter is before the Court on plaintiff's Motion to Stay Litigation Pending Decisions on Dispositive Motions in State Court Proceeding Brought by Defendants Against Plaintiff's Counsel [Docket No. 78] filed on September 25, 2019. On October 16, 2019, defendants responded [Docket No. 79], and plaintiff replied on October 30, 2019. Docket No. 80.

**I. BACKGROUND**

On May 17, 2018, plaintiff Lisa Miles filed a class and collective action against defendants alleging that defendants failed to pay their employees for certain hours worked, such as time spent cleaning the facilities and time spent working overtime. Docket No. 1 at 2, ¶ 4. That same day, plaintiff's counsel held a press conference

outside an Ella Bliss Beauty Bar location to discuss the lawsuit. Docket No. 79 at 3, ¶ 3.[1] On May 17, 2019, defendants sued plaintiff's counsel[2] in the District Court for the City and County of Denver, raising claims of defamation and intentional interference with contractual relations based on statements made during the press conference. *Id.* at 4, ¶ 12. Plaintiff's counsel filed two motions to dismiss and one motion for summary judgment in the state court case. *Id.*, ¶ 13; *see also* Docket Nos. 78-1, 78-2, and 78-3.

## II. LEGAL STANDARD

It is well-established that a court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Stays of all proceedings in a case are thus "generally disfavored in this District" and are considered to be "the exception rather than the rule." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015). A stay may, however, be appropriate in certain circumstances. In determining whether to grant or deny a stay of discovery, courts in this district consider

---

[1] Plaintiff's counsel stated, among other things, that defendants' employees were forced to clean the business for no pay and were not paid for all hours worked. Docket No. 57 at 2-3, ¶ 6. Plaintiff's counsel also implied that defendants were taking advantage of their employees because their employees were primarily women and immigrants. *Id.*

[2] Defendants sued Mari Newman, who had made the allegedly defamatory statements, as well as the firm Killmer, Lane & Newman, LLP, where Newman works, and the organization Towards Justice, Newman's co-counsel, who defendants allege had representatives at the press conference. Docket No. 79 at 3-4, ¶¶ 3, 12.

the following factors (the "*String Cheese Incident* factors"): "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

### III. ANALYSIS

Plaintiff argues that a stay is warranted under the *String Cheese Incident* factors because (1) there is a strong public interest in deterring frivolous lawsuits against opposing counsel; (2) both parties would benefit from assurance that their actions taken in discovery in this case do not affect the collateral claims; (3) a stay would promote judicial efficiency because the state court motions could effectively adjudicate some issues in this case; (4) a stay would not prejudice interested, putative-class-member non-parties because their claims were tolled by plaintiff's class action complaint. Docket No. 78 at 3-6.

The Court finds that a stay is not warranted here. Plaintiff argues that "[t]he public has an interest in disincentivizing . . . collateral litigation . . . inappropriately used to gain a litigation advantage." *Id.* at 3. Plaintiff contends that, if her "counsel is not given this opportunity [to 'fend off the state court litigation with their dispositive motions'] and is instead forced to consider continuing to the class phase in a hobbled state or potentially withdrawing, it would only encourage similar tactics by litigants in the future." *Id.* at 3-4. The Court is not convinced by plaintiff's argument. First, plaintiff has not

explained why counsel may be forced to withdraw if, as she claims, the state court litigation is tactical and frivolous, and has not explained how the state court proceedings would "hobble" the class action. *See id.* Plaintiff has therefore failed to show that issuing a stay of the proceedings in this case would benefit the public interest.

Instead, "the public has an interest in the speedy resolution of legal disputes." *Prison Legal News v. Fed. Bureau of Prisons*, No. 15-cv-02184-RM-STV, 2017 WL 10619942, at *13 (D. Colo. Feb. 23, 2017) (citing *Genetic Techs. Ltd. v. Agilent Techs., Inc.*, No. 11-cv-01389-WJM-KLM, 2011 WL 5024839, at *8 (D. Colo. Oct. 20, 2011)). This case has been pending for eighteen months and is still within the discovery stage. A stay would work only to further delay the completion of discovery, the progression of the case, and the eventual resolution of this dispute. The Court finds that the public interest factor weighs against a stay.

Next, plaintiff argues that both parties' interests would benefit from a stay of this matter. Docket No. 78 at 4. In particular, plaintiff contends that, because discovery in this federal case could have an impact on the state court action, conflicts could arise that may negatively affect the federal case discovery. *Id.* For example, according to plaintiff, defendant "is refusing to allow a comprehensive [Rule] 30(b)(6) deposition in this case based on the odd objection that it would be cumulative and duplicative of other discovery." *Id.* "In opposing the [Rule] 30(b)(6) [request] on such grounds, [defendant's] ulterior motive may be to freeze the factual record in this case while they attempt to fend [off] Plaintiff's counsel's motions in state court." *Id.*

Defendants counter that their objection to the Rule 30(b)(6) notice was proper

and that, should plaintiff disagree with defendants' objection, she can raise such discovery dispute with the magistrate judge. Docket No. 79 at 9. The Court agrees. In her reply, plaintiff makes a merits challenge to defendants' objection to her Rule 30(b)(6) request. *See* Docket No. 80 at 5. But the Court will not consider the merits of the parties' purported discovery dispute, as the proper method for addressing such dispute is through a request for a discovery conference with the magistrate judge. *See* Practice Standards – Civil Actions, Michael E. Hegarty, United States Magistrate Judge III.C ("Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court."). Further, plaintiff's speculation that defendants' discovery objection "may" be rooted in an ulterior motive does not support a finding that the parties' interest in conducting complete discovery would benefit from a stay.

Moreover, plaintiff's argument goes exclusively toward her own interests, not defendants' interests. Defendants argue that their interests would be harmed by a stay, as class and collective actions "are inherently disruptive to business operations and the workforce" and, for this reason, their interest is in a quick resolution of this case. Docket No. 79 at 10. The Court agrees that a speedy resolution would benefit all involved. Thus, the Court finds that the parties' interests weigh against issuing a stay.

Plaintiff next contends that a stay would serve the interests of the Court. Docket No. 78 at 5. According to plaintiff, the Court would benefit from "the efficiency of the proposed stay because the dispositive motions in state court have the potential to effectively adjudicate issues in this case through the doctrines of judicial and collateral estoppel." *Id.* For example, plaintiff argues that, should counsel be successful in their

5

summary judgment motion asserting a defense of truthfulness to the defamation claim, the issue of whether defendants fail to pay their employees for certain hours worked would be adjudicated in both cases. *Id.* While it is possible that resolution of the state court action in plaintiff's counsel's favor could create collateral estoppel effects here, the Court agrees with defendants that the argument is necessarily speculative in predicting how the state court will rule.

Finally, plaintiff argues that a stay will serve the interests of individuals who are not parties to the litigation – namely, putative class members. Docket No. 78 at 5-6. However, plaintiff merely argues that the putative class members would not be prejudiced by a delay. She does not explain why these individuals' interests would actually benefit from a stay. *See id.* Thus, plaintiff has failed to demonstrate that a stay would benefit non-party interests.

In sum, the Court finds that, under the *String Cheese Incident* factors, this case does not provide such "extreme circumstances" so as to justify a stay. Accordingly, the Court will deny plaintiff's motion.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that plaintiff's Motion to Stay Litigation Pending Decisions on Dispositive Motions in State Court Proceeding Brought by Defendants Against Plaintiff's Counsel [Docket No. 78] is **DENIED**.

DATED November 13, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge