IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01212-PAB-MEH

LISA MILES a/k/a Elisa Marie Miles, and those similarly situated,

      Plaintiff/Counter Defendant,

v.

BKP INC.,
ELLA BLISS BEAUTY BAR LLC,
ELLA BLISS BEAUTY BAR - 2, LLC,
ELLA BLISS BEAUTY BAR - 3, LLC,
BROOKE VANHA VERMAAT,
KELLY HUELSING, and
PETER KOCLANES,

      Defendants/Counter Claimants.

---

**ORDER**

---

This matter is before the Court on Defendants' Objection to Recommendation of United States Magistrate Judge [Docket No. 90]. On January 22, 2020, Magistrate Judge Michael E. Hegarty issued a Recommendation of United States Magistrate Judge [Docket No. 89] recommending that the Court grant plaintiff's Motion for Leave to Amend Amended Complaint [Docket No. 82]. On February 5, 2020, defendants objected to the magistrate judge's recommendation. Docket No. 90. Plaintiff responded on February 24, 2020, Docket No. 93, to which defendants replied on March 2, 2020. Docket No. 96.

**I. BACKGROUND**

On May 17, 2018, plaintiff Lisa Miles filed a class and collective action against

defendants alleging that defendants failed to pay their employees for certain hours worked, such as time spent cleaning the facilities and time spent working overtime. Docket No. 1 at 2, ¶ 4.  That same day, plaintiff's counsel held a press conference outside an Ella Bliss Beauty Bar location to discuss the lawsuit.  Docket No. 79 at 3, ¶ 3.[1]  On May 17, 2019, defendants sued plaintiff's counsel[2] in the District Court for the City and County of Denver, raising claims of defamation and intentional interference with contractual relations based on statements made during the press conference.  *Id.* at 4, ¶ 12.  On December 30, 2019, the state court dismissed defendants' lawsuit. Docket No. 87.

On November 26, 2019, plaintiff filed a Motion for Leave to Amend Amended Complaint.  Docket No. 82.  Plaintiff sought to add new claims of (1) unlawful conspiracy to interfere with civil rights under 42 U.S.C. § 1985 and (2) abuse of process.  Docket No. 82 at 1.  Plaintiff sought to add factual allegations supporting these claims, *see* Docket No. 82-2 at 24, as well as new factual allegations supporting her retaliation claims under the Fair Labor Standards Act ("FLSA") and the Colorado Wage Claim Act ("CWCA").  *Id.* at 34-36.  Plaintiff also sought to include new factual

---

[1] Plaintiff's counsel stated, among other things, that defendants' employees were forced to clean the business for no pay and were not paid for all hours worked.  Docket No. 57 at 2-3, ¶ 6.  Plaintiff's counsel also implied that defendants were taking advantage of their employees because their employees were primarily women and immigrants.  *Id.*

[2] Defendants sued attorney Mari Newman, who had made the allegedly defamatory statements, as well as the firm Killmer, Lane & Newman, LLP, where Newman works, and the organization Towards Justice, Newman's co-counsel, who defendants allege had representatives at the press conference.  Docket No. 79 at 3-4, ¶¶ 3, 12.

allegations concerning a 2018 settlement reached between the National Labor Relations Board ("NLRB") and defendants. *Id.* at 16. Defendants argued that plaintiff's motion should be denied because amendment would be futile, Docket No. 84 at 2, and argued that plaintiff's requested amendments concerning the NLRB settlement were irrelevant. *Id.* at 7-8. After defendants responded to plaintiff's motion to amend, but before the magistrate judge issued his recommendation, the state court granted plaintiff's motions to dismiss and dismissed the state court lawsuit in full. Docket No. 87 at 2, ¶ 2.

In his recommendation, the magistrate judge relied in part on the state court dismissal and recommended that plaintiff's motion be granted in part and denied in part. Docket No. 89 at 6. Specifically, the magistrate judge recommends that plaintiff's motion be denied to the extent that plaintiff seeks to add new factual allegations concerning the NLRB's investigation of and settlement with defendants, on the basis that (1) these facts have been available since December 2018 and inclusion one year later would be improper and (2) the facts are not relevant to this lawsuit. *Id.* at 5. The magistrate judge recommends granting the remainder of the motion. *See generally id.* The magistrate judge found that, because the Court "now ha[s] the benefit of the state court's decision, it is clear that, at least for the pleading stage, Plaintiff['s] allegations are not speculative." *Id.* at 4. The magistrate judge found that plaintiff "should be given the opportunity to amend the proposed [second amended complaint] to add allegations concerning the outcome of the state court action" and that, based on the state court dismissal "and the anticipated language Plaintiff[] will be able to include in the [second amended complaint], . . . [the] amendments will plausibly allege an abuse of process

3

claim." *Id.* at 4-5.  Defendants object to the magistrate judge's recommendation. Docket No. 90.

## II.  LEGAL STANDARD

When reviewing a magistrate judge's recommendation, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

The Court analyzes plaintiff's motion to amend under Fed. R. Civ. P. 15(a).  Rule 15(a) provides that courts should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "a district court may deny leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (internal quotation marks omitted).  Amendment is futile where the proposed amended complaint would be subject to dismissal for any reason.  *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004).  "If a party opposes a motion to amend . . . on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P.

4

12(b)(6)." *Conkleton v. Zavaras*, No. 08-cv-02612-WYD-MEH, 2010 WL 6089079, at *3

(D. Colo. Oct. 6, 2010); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir.

1999) ("The futility question is functionally equivalent to the question whether a

complaint may be dismissed for failure to state a claim.").

## III.  ANALYSIS

Defendants raise three objections to the magistrate judge's recommendation.

*See* Docket No. 90.  Defendants argue that (1) the magistrate judge erred in concluding

that plaintiff had pled sufficient allegations of an actual injury for her conspiracy claim,[3]

*id.* at 2; (2) the magistrate judge erred in relying on the state court dismissal to find that

plaintiff had sufficiently pled an ulterior motive for the conspiracy or abuse of process

claim, *id*. at 4; and (3) the magistrate judge erred in finding that there is no logical

difference between a counterclaim brought by defendants and a separate action

brought by defendants.  *Id.* at 6.

---

[3] In their objections, defendants also argue that the magistrate judge erred in concluding that plaintiff had pled sufficient allegations of an actual injury for her abuse of process claim.  Docket No. 90 at 2.  However, in their response to plaintiff's motion to amend, defendants did not raise this argument with respect to plaintiff's abuse of process claim.  *See* Docket No. 84 at 6 (cursorily arguing that plaintiff "failed to identify any specific facts that Defendants had either an ulterior motive nor improperly used the litigation process," two of the three elements of an abuse of process claim, but failing to argue that plaintiff could not allege facts demonstrating the third element – injury or damage).  In their response, defendants only raised an argument concerning plaintiff's ability to allege facts constituting an injury with respect to plaintiff's conspiracy claim. *Id.* at 5.  As a result, the magistrate judge did not make a finding as to whether plaintiff had sufficiently stated an injury for an abuse of process claim.  *See* Docket No. 89 at 4-5.  Accordingly, this argument is not properly before the Court.  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  To the extent that defendants object to the portion of the magistrate judge's recommendation granting plaintiff's motion to amend insofar as she seeks to amend her abuse of process claim, the objection is overruled.

**A.   Actual Injury**

Section 1985 of Title 42 of the United States Code makes it unlawful for "two or more persons [to] conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."  42 U.S.C. § 1985(2).  To state a claim under § 1985(2), a plaintiff must allege that she was actually injured by the defendant's actions.  *Rutledge v. Ariz. Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988).  "A claimant need not suffer monetary damages to have an injury cognizable under section 1985(2)."  *Id.*  "Rather, a claimant must show that the conspiracy hampered the claimant's ability to present an effective case in federal court."  *Id.*  As the Fifth Circuit has explained, § 1985 "seeks to ensure the fair adjudication of cases in federal court and provides a civil remedy where individuals conspire to exert untoward external pressure on parties or witnesses because of their participation in judicial proceedings."  *Mitchell v. Johnson*, 2008 WL 3244283, at *4 (5th Cir. 2008).

In the proposed second amended complaint, plaintiff alleges that the individual defendants brought baseless state claims against plaintiff's counsel in an attempt to hinder her ability to prosecute her federal claims against defendants.  Docket No. 82-2 at 39-40, ¶ 223.  Plaintiff alleges that she "suffered an adverse action" resulting from this lawsuit

> because, among other things, [the state court lawsuit] hindered her ability
> to effectively prosecute her individual and collective and class action

> claims by, among other things, (1) putting pressure on [plaintiff] to abandon or settle for less than fair settlement value the claims against Defendants . . ., (2) delaying or prohibiting [plaintiff] from seeking certification of this action as a collective or class action, and/or (3) creating the possibility that [plaintiff's] counsel will be disqualified as counsel for the class/collective.

*Id.* at 34, ¶ 190.[4]

In his recommendation, the magistrate judge rejected defendants' argument that amendment would be futile because plaintiff could not plead the "actual injury" element of her conspiracy claim. Docket No. 89 at 4-5. The magistrate judge found that plaintiff's amended complaint alleged sufficiently concrete claims of adverse consequences, particularly allegations (1) and (2) – that defendants put pressure on plaintiff to abandon or settle her claims or prohibited plaintiff from seeking class certification. *Id.* Defendants argue that this was in error because plaintiff's alleged injuries are only speculative and not concrete, in that plaintiff has not alleged that she suffered any specific injury. Docket No. 90 at 3. Plaintiff responds that defendants' argument is "disingenuous at best and misleading to the Court at worst," arguing that she plausibly alleged that defendants intended to use the state court lawsuit as a bargaining chip to entice plaintiff to settle the federal lawsuit. Docket No. 93 at 6. Plaintiff asserts that "this proposed unethical grand bargain" delayed her ability to progress to Rule 23 class certification and the merits of this case. *Id.*; *see also id.* at 7 (plaintiff stating that she had to choose between (1) keeping her current counsel and waiting out the resolution of the state court lawsuit or (2) "undertak[ing] the time

---

[4] While this allegation is pled with respect to plaintiff's FLSA retaliation claim, plaintiff incorporated this allegation into her conspiracy claim. *See* Docket No. 82-2 at 39, ¶ 220.

consuming process of retaining new counsel who could push forward without being saddled by collateral litigation"). Plaintiff states that, "by putting [plaintiff] to that choice, Defendants plausibly caused [plaintiff] injury through delay and prejudice in this litigation." *Id.*

The Court disagrees with plaintiff. First, the Court notes that none of the additional allegations plaintiff makes in her response to defendants' objections – that she was forced to choose between keeping current counsel and moving forward with the litigation, *see* Docket No. 93 at 7 – is present in plaintiff's proposed amended complaint. *See* Docket No. 82-2. Second, contrary to plaintiff's suggestion, her amended allegations concerning defendants' alleged intentions in bringing the state court lawsuit are not relevant to the question of whether plaintiff plausibly alleged that she actually suffered an injury through defendants' actions. While she may have alleged that defendants intended to pressure plaintiff into settling the federal lawsuit, *id.* at 39, ¶ 223, that defendants intended to delay the federal litigation, *id.* at 40, ¶ 229, or that defendants intended to create a conflict which would prohibit plaintiff's counsel from representing the purported class, *id.*, ¶ 228, these allegations do not plausibly allege that plaintiff actually suffered such injuries. Thus, these allegations are insufficient to state a claim for conspiracy to interfere with plaintiff's access to the courts.

As to plaintiff's allegations of actual injury, the Court finds that the allegations are insufficient to plausibly allege an injury under § 1985(2). "To state a claim for denial of access to the courts, a plaintiff 'must allege that [her] position as a litigant was

prejudiced' by the defendant's actions."  *Carrillo v. Hickenlooper*, No. 12-cv-02034-RM-MEH, 2014 WL 1977984, at *16 (D. Colo. May 14, 2014) (quoting *Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993)).  And to meet the plausibility pleading standard under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "a plaintiff . . . must provide 'supporting factual averments' with [her] allegations."  *Villaneuva v. El Paso Cty.*, No. 19-cv-00295-PAB-KMT, 2020 WL 2800898, at *2 (D. Colo. May 29, 2020) (quoting *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Here, plaintiff alleges that defendants' state court litigation "hindered her ability to effectively prosecute her individual and collective and class action claims by, among other things," (1) putting pressure on her to settle the federal lawsuit; (2) delaying or prohibiting plaintiff from seeking class certification; and/or (3) creating the possibility that plaintiff's counsel would be disqualified as class counsel.  Docket No. 82-2 at 34, ¶ 190.  However, plaintiff's proposed amended complaint contains no supporting factual allegations demonstrating that the state court lawsuit did, in fact, put pressure on her to settle, actually delayed or prohibited her from seeking class certification, or did in fact cause the disqualification of plaintiff's counsel.  *See generally* Docket No. 82-2.  Accordingly, the Court finds that the proposed amended complaint's new conspiracy claim fails to plausibly allege that plaintiff was injured by defendants' state court lawsuit, and finds that the proposed amended complaint would not survive a motion to dismiss under Rule 12(b)(6).  *See Huerta v. Oliver*, No. 17-cv-00988-RBJ-KLM, 2019 WL 399229, at *13 (D. Colo. Jan.

31, 2019), report and recommendation adopted, 2019 WL 954771 (D. Colo. Feb. 27, 2019) (recommending dismissal of plaintiff's access to courts claim where plaintiff had alleged that the defendants' actions "were meant to 'discourage attorney (legal) visits,'" but where there was "no indication that Plaintiff's attorney was actually discouraged from visiting him" and there was no indication that the defendants had actually hindered the plaintiff's ability to bring his claim).  Because amendment would be futile, the Court rejects the magistrate judge's recommendation and finds that the portion of plaintiff's motion to amend which seeks to add a § 1985(2)  conspiracy claim should be denied.

### B.  Bad Faith or Ulterior Motive

Next, defendants argue that plaintiff failed to plead sufficient facts to demonstrate that defendants acted in bad faith or with an ulterior motive in filing their state court action, as required for plaintiff's conspiracy and abuse of process claims. Docket No. 90 at 4.  Defendants challenge the magistrate judge's statement that plaintiff could plead sufficient facts supporting these elements based on "anticipated language" resulting from the state court decision dismissing defendants' lawsuit.  *See id.* at 5; *see also* Docket No. 89 at 5 (stating that, "[b]ased on [the state court] outcome and the anticipated language Plaintiff[] will be able to include in the [second amended complaint], I find that amendments will plausibly allege abuse of process."). Defendants argue that, because "the state court did not make any findings with respect to Defendants' motives in bringing the claims, . . . the state court's order on the motion to dismiss does not support Plaintiff's allegations about Defendants' alleged motives." Docket No. 90 at 5.

The Court agrees that the state court action is not a proper basis on which to rule

10

on plaintiff's motion to amend, as the state court judgment was issued after plaintiff had filed her motion and is not the basis of any amendments sought by plaintiff in the motion.  A motion to amend, faced with a futility argument, must be analyzed considering whether the *proposed amendment* would be futile, *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007); *see also Lind v. Aetna Health, Inc*., 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, *as amended*, would be subject to dismissal.") (emphasis added), not whether other potential factual allegations, not presented by the plaintiff in the proposed amended complaint,[5] would be futile.  The Court finds that it is unable to determine whether amendment would be futile without knowledge of the contents of the proposed amendment.  Accordingly, the Court rejects the recommendation to the extent that it is based on "anticipated language" from plaintiff, but will grant plaintiff leave to file a new motion to amend so that plaintiff may seek to amend her complaint with additional allegations concerning the state court dismissal, and so that defendants may properly respond to any proposed amendments concerning the resolution of the state court action.

### C.   FLSA Retaliation

In his recommendation, the magistrate judge found that plaintiff's proposed complaint sufficiently pled allegations of an FLSA retaliation claim.  Docket No. 89 at 5. Specifically, the magistrate judge noted that a frivolous counterclaim in a lawsuit may

---

[5] In plaintiff's reply to her motion to amend, which was filed after the state court judgment was entered, plaintiff asserts that the dismissal "provides further support for [her] allegations that [the state court lawsuit] was baseless and brought only for improper purposes."  Docket No. 88 at 2.  However, plaintiff may not raise a new argument for the first time in a reply.

constitute retaliation under the FLSA, *see id.*; *see also Sparks v. Duncan Race Cars, Inc.*, No. 14-cv-00447-PAB-KLM, 2014 WL 7403382, at *7 (D. Colo. Dec. 29, 2014) ("[I]t is conceivable that a frivolous, baseless, or otherwise abusive counterclaim might form the basis for a retaliation claim."), and found that there was "[no] logical distinction between the efficacy of a retaliation claim based on a counterclaim brought by Defendants, and a retaliation claim based on a separate lawsuit brought by Defendants."  Docket No. 89 at 5.

Defendants object generally to this finding, but fail to make a specific objection clearly setting forth why they believe the magistrate judge's conclusion was incorrect. Defendants argue that the magistrate judge's conclusion that a counterclaim and a separate lawsuit were essentially equivalent "lacks merit" because defendants' state court action was brought against plaintiff's counsel for conduct unique to counsel, rather than against plaintiff.  Docket No. 90 at 6.  However, defendants do not set forth any argument, or cite any authority, demonstrating that the magistrate judge's grant of plaintiff's motion to amend, to the extent that plaintiff sought to add allegations to her FLSA retaliation claim, was legally erroneous.  *See id.*

At best, defendants assert that abuse of process is a compulsory counterclaim that should have been brought in the state court action.  Docket No. 90 at 6 n.5. Plaintiffs disagree, arguing that the abuse of process claim does not constitute a compulsory counterclaim because the claim is not brought by plaintiff's counsel, but by plaintiff herself.  Docket No. 93 at 11 n.8.  The Court agrees with plaintiff.  Under the Colorado Rules of Civil Procedure,  "[a] pleading shall state as a counterclaim any claim which[,] at the time of filing the pleading[,] *the pleader* has against any opposing party, if

12

it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." C.R.C.P. 13(a) (emphasis added). Here, the state court action was brought against plaintiff's counsel; plaintiff was not a party to the state court action. *See* Docket No. 87-1. Accordingly, plaintiff's counsel – not plaintiff – was "the pleader" required to raise any counterclaims that counsel had against defendants. But because the FLSA retaliation claim has been brought by plaintiff, not plaintiff's counsel, counsel was not required to raise the claim as a compulsory counterclaim in the state court action under Colorado Civil Rule of Procedure 13, and it is not improper for plaintiff to amend her complaint to add this claim in this federal action. *Id*.[6] The Court finds that defendants have not raised a meritorious objection to this portion of the magistrate judge's recommendation. As a result, the Court accepts the portion of the recommendation that grants plaintiff's motion to amend to the extent plaintiff seeks to include additional allegations related to her FLSA retaliation claim.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 89] is **ACCEPTED IN PART** and **REJECTED IN PART** as set forth in this order. It is further

**ORDERED** that the Motion for Leave to Amend Amended Complaint [Docket No.

---

[6] Defendants do not argue that the claim is improperly brought by plaintiff. *See* Docket No. 90 at 6. Thus, any argument to this effect is deemed waived.

82] is **GRANTED IN PART** and **DENIED IN PART** as set forth in this order.  It is further

  **ORDERED** that plaintiff may file a motion to amend the complaint to add

allegations concerning the outcome of the state court action within fourteen days of the

entry of this order.

  DATED November 12, 2020.

       BY THE COURT:

       _____
       PHILIP A. BRIMMER
       Chief United States District Judge