IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01212-PAB-MEH

LISA MILES a/k/a Elisa Marie Miles, and those similarly situated,

    Plaintiff/Counter Defendant,

v.

BKP INC.,
ELLA BLISS BEAUTY BAR LLC,
ELLA BLISS BEAUTY BAR - 2, LLC,
ELLA BLISS BEAUTY BAR - 3, LLC,
BROOKE VANHA VERMAAT,
KELLY HUELSING, and
PETER KOCLANES,

    Defendants/Counter Claimants.

## ORDER

This matter is before the Court on plaintiff's Objection to Recommendation of United States Magistrate Judge [Docket No. 110] on Revised Motion for Leave to Amend Amended Complaint [Docket No. 111]. On January 4, 2021, Magistrate Judge Michael E. Hegarty issued a Recommendation of United States Magistrate Judge [Docket No. 110] recommending that the Court grant in part and deny in part plaintiff's Revised Motion for Leave to Amend Amended Complaint [Docket No. 104]. On January 19, 2021, plaintiff objected to the magistrate judge's recommendation. Docket No. 111. Defendants responded on February 2, 2021. Docket No. 112. Plaintiff did not reply.

I. BACKGROUND

The Court assumes familiarity with the background facts and procedural history of this dispute, which have been set forth in other orders, *see, e.g.*, Docket No. 103, and recommendations, *see, e.g.*, Docket No. 110, and will not be repeated here except to the extent necessary to resolve plaintiff's motion to amend and objection to the recommendation.

The same day that plaintiff Lisa Miles filed this lawsuit, plaintiff's counsel held a press conference outside one of defendants' locations to discuss the lawsuit. Docket No. 79 at 3, ¶ 3. As alleged in the complaint, plaintiff's counsel stated at the press conference that defendants forced their employees to clean the business without pay and were not paid for all hours worked and implied that defendants took advantage of their employees because many were women and immigrants. Docket No. 57 at 2–3, ¶ 6. Two days later, defendants sued plaintiff's counsel in state court for defamation and intentional interference with contractual relations based on statements made at the press conference. Docket No. 79 at 4, ¶ 12; Docket No. 104-1 at 22, ¶ 124. On December 30, 2019, after plaintiff filed her motion to amend, but before the magistrate judge issued his first recommendation, the state court dismissed defendants' lawsuit. Docket No. 87.

On November 26, 2019, plaintiff filed a motion to amend in order to add, as relevant here, new claims of (1) unlawful conspiracy to interfere with civil rights under 42 U.S.C. § 1985 and (2) abuse of process, along with factual support. Docket No. 82 at 1; Docket No. 82-2 at 24; Docket No. 82-2 at 34–36. The magistrate judge recommended granting this portion of plaintiff's motion because he found that the state

court's dismissal of defendants' lawsuit showed that plaintiff's claims were not speculative. Docket No. 89 at 4.

Defendants objected to the recommendation and argued that the magistrate judge erred in (1) concluding that plaintiff had pled sufficient allegations of actual injury for her conspiracy claim, (2) relying on the state court dismissal to find that plaintiff had sufficiently pled an ulterior motive for the conspiracy or abuse of process claim, and (3) finding that there is no logical difference between a counterclaim brought by defendants and a separate action. Docket No. 90 at 2–6. Defendants also objected to the magistrate judge's conclusion that plaintiff had pled sufficient allegations of an actual injury for her abuse of process claim. *Id.* at 2. The Court overruled the objection and found that defendants waived the actual injury argument with respect to plaintiff's abuse of process claim by failing to raise it in response to plaintiff's motion, as a party may not raise issues for the first time in objections to a magistrate judges' recommendation. Docket No. 103 at 5 n.3.

The Court accepted in part and rejected in part the remainder of the magistrate judge's recommendation. *Id.* at 13–14. As relevant here, the Court agreed with defendants that the state court action was not a proper basis on which to rule on plaintiff's motion to amend because the state court judgment was issued after plaintiff filed the motion and thus was not the basis of any amendments sought by plaintiff. Docket No. 103 at 10–11. Because the Court found that it was unable to determine whether plaintiff's amended complaint would be futile without knowing its contents – since the state court had not disposed of the lawsuit when plaintiff moved to amend – the Court rejected the magistrate judge's recommendation to the extent it was based on

3

"anticipated language" from plaintiff. *Id.* at 11. However, the Court permitted plaintiff leave to file a new motion to amend "with additional allegations concerning the state court dismissal, and so that defendants may properly respond to any proposed amendments concerning the resolution of the state court action." *Id.*[1] This motion to amend is now before the Court.

In her revised motion for leave to amend, plaintiff seeks to add the abuse of process claim. Docket No. 104 at 6. She also seeks to add factual support for this claim, in particular concerning defendants' ulterior purpose, through allegations regarding defendants' statements, defendants' attorneys' statements, and the lack of merit of the state court case. *Id.* at 7. These allegations, plaintiff states, support her claim that the goal of defendants' state court lawsuit was to pressure plaintiff to settle or abandon this case, to delay or prohibit plaintiff from seeking class certification, and to disqualify plaintiff's counsel as class counsel. *Id.* (citing Docket No. 104-1 at 23–24, 40, ¶¶ 128, 132, 229). Defendants argue that the state court complaint does not provide a

---

[1] As to the conspiracy claim, the Court found that none of plaintiff's allegations in response to defendants' objections, i.e., that the state court lawsuit forced her to choose between keeping her current lawyers and moving forward with the litigation, was present in her proposed amended complaint. Docket No. 103 at 8. The Court further found that, contrary to her suggestion, none of her allegations concerning defendants' alleged intentions in bringing the state court case, i.e., delaying and pressuring her to settle this case or creating a conflict that would prohibit plaintiff's counsel from representing the purported class, plausibly alleged that she actually suffered the injuries attendant with defendants' intentions because plaintiff provided no factual allegations demonstrating that the state court lawsuit actually had the effect she claimed that it had. *Id.* at 8–9. As such, the Court concluded that the portion of the motion to amend that sought to add a conspiracy claim should be denied. *Id.* at 10. As to the FLSA retaliation claim, the Court found that defendants had not raised a meritorious objection to the recommendation and granted plaintiff leave to add allegations concerning that claim. *Id.* at 13.

4

basis for plaintiff's abuse of process claim because the language in the dismissal does not support an improper use of process or ulterior motive, Docket No. 108 at 4–5, and that plaintiff's allegations concerning defendants' motives do not show more than possibility of liability, which is not sufficient. *Id.* at 5–8. Defendants also argue that plaintiff provides no facts to support an actual injury for the abuse of process claim. *Id.* Although the Court found that defendants waived this argument by failing to raise it in response to plaintiff's motion, Docket No. 103 at 5 n.3, defendants now argue that the Court was wrong to reach this conclusion. Docket No. 108 at 8. Defendants explain that plaintiff relied on the same alleged injuries for her conspiracy and abuse of process claims, so they adequately raised the damages argument when they discussed plaintiff's "failures" with respect to the former claim and noted that the latter claim suffered from the same deficiencies. *Id.*; *see also id.* at 8 n.8.

In his recommendation, the magistrate judge found that plaintiff's amendment would be futile because, although she plausibly established the first two elements of the abuse of process claim – that defendants had an ulterior purpose in bringing their state court lawsuit and that they used the legal proceeding in an improper manner to accomplish some coercive goal or secure some advantage that is collateral to the litigation process – she failed to plead the third element, damages. Docket No. 110 at 6–8. The magistrate judge acknowledged that defendants waived the actual injury argument in the first round of briefing, but found that they raised it "persuasive[ly]" in response to plaintiff's revised motion to amend. *Id.* at 8. The magistrate judge concluded that the only damages that plaintiff identified in her proposed complaint are delay in this matter and stress from the state court case. *Id.* Because these are the

same damages that the Court found insufficient with respect to plaintiff's proposed civil conspiracy claim, the magistrate judge concluded that, notwithstanding defendants' earlier waiver, plaintiff failed to plausibly allege actual injury, a necessary element of her abuse of process claim, and thus her claim would not survive a motion to dismiss, making amendment futile.  *Id.*  Plaintiff objects to the magistrate judge's recommendation.  Docket No. 111.

## II. LEGAL STANDARD

When reviewing a magistrate judge's recommendation, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2]  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

Although the magistrate judge issued a recommendation, motions to amend are generally are considered non-dispositive except where leave to amend is denied.  *See*

---

[2] "Timely objections to magistrate judge *recommendations* are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge orders by Rule 72(a)."  *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010).  However, "there is some confusion over whether a motion to amend falls within Rule 72(a) or Rule 72(b)."  *Id.* (citing *Brown v. Nagem*, No. 05-cv-1408-WYD-MJW, 2006 WL 2164421, at *1 (D. Colo. July 28, 2006) ("A motion to amend is normally a nondispositive motion entitled only to a clearly erroneous or contrary to law standard of review.  However, many courts have held that a recommendation to deny a motion to amend . . . should be viewed as a dispositive ruling because it precludes the filing of certain claims.").

6

*Tuft v. Indem. Ins. Co. of N. Am.*, No. 19-cv-01827-REB-KLM, 2020 WL 9432879, at *1 (D. Colo. May 21, 2020); *Gordanier*, 2010 WL 935665, at *1; *Brown*, 2006 WL 2164421, at *1.  The Court therefore considers the portions of the magistrate judge's recommendation denying leave to amend to be dispositive and will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

The Court analyzes plaintiff's motion to amend under Fed. R. Civ. P. 15(a).  Rule 15(a) provides that courts should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "a district court may deny leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (internal quotation marks omitted).  Amendment is futile where the proposed amended complaint would be subject to dismissal for any reason.  *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004).  "If a party opposes a motion to amend . . . on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  *Conkleton v. Zavaras*, No. 08-cv-02612-WYD-MEH, 2010 WL 6089079, at *3 (D. Colo. Oct. 6, 2010); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim.").

### III. ANALYSIS

Plaintiff argues that, because the Court found that defendants had waived the argument regarding damages in the abuse of process claim, *see* Docket No. 103 at 5 n.3, and permitted her leave to add proposed additional allegations only "concerning the outcome of the state court action," the Court's leave was limited and she did not have to – nor was she permitted to – add allegations regarding damages. Docket No. 111 at 2–3. She objects that the magistrate judge thus "ignored" the Court's order regarding defendants' waiver and the limited nature of the Court's leave. *Id.* at 3–4. Alternatively, plaintiff contends that her allegations are sufficient to plausibly allege injury because delay caused by abuse of process adversely affected her legal interest and is recoverable as damages under the Colorado Model Jury Instructions. *Id.* at 5 (citing CJI–Civ 17:11).

The Court agrees with plaintiff. As explained in the previous round of briefing, a motion to amend, faced with a futility argument, must be analyzed considering whether the proposed amendment would be futile, *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007); *see also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). "A claim for abuse of process lies where a party invokes legal proceedings, not for their intended purposes, but in an effort to obtain collateral results not available through the normal operation of legal proceedings." *Entek GRB, LLC v. Stull Ranches, LLC*, No. 11-cv-01557-PAB-KLM, 2012 WL 715655, at *4 (D. Colo. Mar. 6, 2012) (citing *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d

367, 373 (Colo. App. 1994)). The elements of a claim for abuse of process are: (1) an ulterior purpose for the use of a judicial proceeding; (2) the use of judicial proceedings which is not proper in the regular course of proceedings; and (3) resulting damages. *Id.* (citing *Aztec Sound Corp. v. W. States Leasing Co.*, 510 P.2d 897, 899 (Colo. App. 1973)).

The magistrate judge found, construing plaintiff's amended complaint in her favor, that she plausibly alleged the first two elements of the abuse of process claim, ulterior purpose and improper manner. Docket No. 110 at 8. Defendants did not object to the recommendation and, as a result, the Court accepts the portion of the recommendation concerning the first two elements of the abuse of process claim.[3]

Notwithstanding the Court's earlier finding that defendants' waived the argument by failing to raise it, the magistrate judge found "persuasive" defendants' argument that plaintiff failed to plausibly plead the third element, damages. *Id.* The magistrate judge concluded that the only damages that plaintiff identifies in the proposed complaint are delay in this case and the stress of the state court litigation. *Id.* However, because the Court previously found that plaintiff failed to provide factual support for how the state court lawsuit did, in fact, the delay this action, *see* Docket No. 103 at 9, and plaintiff

---

[3] In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). The Court has reviewed the recommendation to satisfy itself that there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Magistrate Judge's Recommendation is a correct application of the facts and the law on these issues.

pleads no specific facts for the claimed stress, she fails to plead a plausible abuse of process claim. Docket No. 110 at 8.

The Court rejects this portion of the recommendation. While plaintiff does not add damages allegations to the new proposed complaint,[4] she was not permitted to do so and did not need to. First, she was not permitted to add damages allegations because the Court did not grant plaintiff another opportunity to re-plead the entire abuse of process claim based on the dismissal of the state court lawsuit. Rather, the Court granted her leave to add only "allegations concerning the outcome of the state court action." Docket No. 103 at 14. The Court's leave was narrow because, as the Court noted, the state court had not granted plaintiff's motions to dismiss until after defendants' responded to plaintiff's motion to amend. *Id.* at 3. Furthermore, the state court's dismissal could not help plaintiff plead damages or injury in this case because, regardless of the basis for the state court's dismissal, plaintiff's damages allegations in this case – principally, delay adversely affecting her legal interests in this matter – would be the same.

Second, plaintiff did not need to allege damages in her new proposed complaint because the Court previously found defendants' damages arguments were waived. *Id.*

---

[4] Defendants point to a single allegation that the state court lawsuit "in fact . . . delayed Plaintiffs from seeking class/collective action certification pending the final resolution of the state action and the concomitant amendment of this complaint." Docket No. 112 at 4 (quoting Docket No. 104-1 at 25, ¶ 134). This sole allegation, however, is not sufficient for the Court to find, as defendants argue, that plaintiff disregarded the Court's leave. *Id.* Moreover, defendants' argument that this allegation exceeded the scope of the leave implies that the leave was limited only to the first two elements of the abuse of process claim. This implication supports to plaintiff's correct assumption that defendants' waiver in the first round of briefing still applies.

at 5 n.3.  The Court gave no indication that the waiver was limited to the fourteen days between the Court's order and plaintiff filing her new motion to amend.  The waiver would be meaningless if both parties were permitted to brief the entire abuse of process claim again.  Just as the Court did not permit plaintiff to re-plead the entire abuse of process claim, the Court did not permit defendants to attempt to overcome their waiver by arguing the issue of damages that they did not address earlier.  Defendants were permitted to respond only to the new allegations about the state court's dismissal.  *See id.* at 11 (granting plaintiff leave to amend and permitting "defendants [to] properly respond to any proposed amendments *concerning the resolution of the state court action*" (emphasis added)).

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 110] is **ACCEPTED IN PART** and **REJECTED IN PART** as set forth in this order.  It is further

**ORDERED** that the Motion for Leave to Amend Amended Complaint [Docket No. 104] is **GRANTED**.  It is further

**ORDERED** that plaintiff shall file the amended complaint in the form found at Docket No. 104-1 within seven days of the date of this order.

DATED September 30, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge