IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01212-PAB-MEH

LISA MILES a/k/a Elisa Marie Miles, and those similarly situated,

    Plaintiff/Counter Defendant,

v.

BKP INC.,
ELLA BLISS BEAUTY BAR LLC,
ELLA BLISS BEAUTY BAR – 2, LLC,
ELLA BLISS BEAUTY BAR – 3, LLC,
BROOKE VANHA VERMAAT,
KELLY HUELSING, and
PETER KOCLANES,

    Defendants/Counter Claimants.

---

# ORDER

---

    This matter is before the Court on Defendants' Objection to Magistrate Judge's Order (ECF # 145) Regarding Plaintiff's Motion Pursuant to Fed. R. Civ. P. 37 to Compel *in Camera* Review of Documents to Consider Application of Crime-Fraud Exception to Assertions of Attorney-Client Privilege and Work Product (ECF #125) [Docket No. 147]. Plaintiff responded. Docket No. 152. Defendants did not reply.[1] After an *in camera* review, the magistrate judge ordered portions of certain documents to be produced. Docket No. 145. Defendants appeal that order. Docket No. 147.

---

[1] Defendants filed a restricted version of their objection, Docket No. 147, as well as a public version of their objection that is unrestricted, yet redacted. Docket No. 148. Plaintiff responded to the public version. The two versions are largely the same except for defendants' discussion regarding the specific documents that the magistrate judge ordered to be produced. The Court will cite to the public version.

## I. BACKGROUND

The Court assumes familiarity with the background facts and procedural history of this dispute, which are set forth in previous orders and recommendations, *see, e.g.*, Docket Nos. 103, 110, 113, and will not be repeated here except as necessary to resolve defendants' objection to the magistrate judge's order.

The same day that plaintiff filed this lawsuit, plaintiff's counsel held a press conference outside one of defendants' business locations to discuss the lawsuit. Docket No. 79 at 3, ¶ 3; Docket No. 113 at 2. Approximately one year later, in response to statements made at the press conference, defendants sued plaintiff's counsel in state court for defamation and intentional interference with contractual relations. Docket No. 145 at 1; *BKP, Inc. v. Killmer, Lane & Newman, LLP*, 2019CV31940 (Denver Dist. Ct.). The state-court action is ongoing.[2] Defendants also filed counterclaims in this lawsuit for deceit based on fraud, civil theft, and intentional interference with a prospective business advantage. Docket No. 145 at 1; Docket No. 115 at 68–70; Docket No. 39 at 54–58. Plaintiff believes the state-court action, and the counterclaims filed in this matter, are retaliatory and an abuse of process.

Discovery on defendants' counterclaims is ongoing. As part of discovery, plaintiff seeks privileged communications relating to defendants' reasons for filing the

---

[2] The Denver District Court dismissed the lawsuit. *See* Docket No. 110 at 3 (citing Docket No. 104-2). The Colorado Court of Appeals affirmed the determination that some of the statements made at the press conference were opinions protected by the First Amendment, but reversed the trial court's determination that other statements were protected by the *Noerr-Pennington* doctrine or the litigation privilege. *See BKP, Inc. v. Killmer, Lane & Newman, LLP*, 506 P.3d 84, 100 (Colo. App. 2021). The Colorado Court of Appeals partially remanded the case back to the Denver District Court. *Id.*

counterclaims and the state court case. Docket No. 145 at 2. Plaintiff hopes to determine whether the communications between defendants and their attorneys support plaintiff's retaliation and abuse of process theories. *Id.* Defendants object to the production of certain documents on attorney-client privilege and work-product doctrine grounds and have accordingly produced a privilege log. *Id.* Plaintiff seeks to pierce the privileges through the crime-fraud exception. *Id.*[3]

Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 37 to compel the *in camera* review of the documents. Docket No. 125. A court may, at its discretion, conduct an *in camera* review if the party requesting the review "makes a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the documents may reveal evidence to establish that the crime-fraud exception applies." *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995). The magistrate judge granted the motion for *in camera* review. Docket No. 134. As the magistrate judge noted, and the parties agreed, the "may reveal" burden is not heavy. *Id.* (citing *Motley*, 71 F.3d at 1551). The magistrate judge then conducted the *in camera* review and discussed his findings in open court. Docket No. 144. Three days later, the magistrate judge issued a written order detailing those findings, which are that "approximately three statements (some of which are repeated in the documents) met

---

[3] In her motion, plaintiff argued that retaliation for the exercise of rights under the Fair Labor Standards Act ("FLSA") and under Colorado wage and hour laws are crimes. Docket No. 125 at 6 (citing 29 U.S.C. §§ 215(a)(3) (FLSA retaliation), 216 (violation of § 215 is a crime); Colo. Rev. Stat. § 8-4-120 (criminal retaliation under Colorado Wage Claim Act); Colo. Rev. Stat. § 8-6-115 (criminal retaliation under Colorado Minimum Wage Act). Plaintiff also argued that abuse of process is a fraud. *Id.* (citing cases). The magistrate judge assumed that these two theories are sufficient to invoke the crime-fraud exception, *see generally* Docket No. 145, and defendants do not argue otherwise. *See generally* Docket No. 148.

the crime-fraud exception," and the magistrate judge ordered those statements to be produced. *Id.* at 2. Defendants object. Docket No. 148.

## II. LEGAL STANDARD

"Timely objections to magistrate judge recommendations are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge orders by Rule 72(a)." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-MEH, 2022 WL 901382, at *2 (D. Colo. Mar. 28, 2022) (quoting *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010)). However, when reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b).").

Neither party argues that the magistrate judge's discovery order was dispositive, and the Court does not find it to be. *See Hutchinson*, 105 F.3d at 566 ("Discovery is a nondispositive matter."); *cf. Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) ("Discovery is clearly a pretrial matter, and magistrates thus have general authority to order discovery sanctions.").

Thus, the Court will review the order under the clearly erroneous standard, which "requires that the reviewing court affirm unless it 'on the entire evidence is left with the

definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 365, 395 (1948)). When applying the "clearly erroneous" standard, the Court is not entitled to reverse the magistrate judge's findings "simply because it is convinced that it would have decided the case differently," and the Court may not decide factual issues de novo. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 123 (1969)).

### III. ANALYSIS

Defendants raise three main objections to the magistrate judge's order. First, defendants argue that the magistrate judge "did not identify the proper standard, or the standard he applied," and the parties disagree on what the proper standard is for "abrogating privileged [sic] based on the crime-fraud exception." Docket No. 148 at 6–7. Second, defendants argue that plaintiff has not met the standard for production of any document on defendants' privilege log, "irrespective of the content" of the specific document." *Id.* at 7–11. Third, defendants object to the magistrate judge's order with respect to the specific portions of documents that the magistrate judge ordered to be produced. *Id.* at 11–14. These objections are related, and the Court considers them together.

As an initial matter, the Court notes that, in her motion, plaintiff argues that federal law applies. Docket No. 125 at 3–4. She also argues that there is no distinction between state and federal law on the crime-fraud exception because the United States Supreme Court adopted the Colorado Supreme Court's analysis of the exception. *Id.* (citing *United States v. Zolin*, 491 U.S. 554, 572 (1989) (citing *Caldwell v. Dist. Ct.*, 644

5

P.2d 26, 33 (Colo. 1982))). The magistrate judge did not specify whether he applied federal or state law to this dispute. Although they cite three Colorado cases, defendants do not appear to dispute the application of federal law. *See generally* Docket No. 148. For the reasons discussed in plaintiffs' motion, which are undisputed by defendants, *see* Docket No. 129 at 4 n.2 ("Defendants do not dispute [p]laintiff's choice of law analysis."), the Court will apply federal law.

"There is a privilege protecting communications between attorney and client"; however, "[t]he privilege takes flight if the relation is abused." *Clark v. United States*, 289 U.S. 1, 15 (1933). "A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law." *Id.* "He must let the truth be told." *Id.* The Supreme Court has explained that

> [t]he attorney-client privilege is not without its costs. Since the privilege has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose. The attorney-client privilege must necessarily protect the confidences of wrongdoers, but the reason for that protection – the centrality of open client and attorney communication to the proper functioning of our adversary system of justice – ceases to operate at a certain point, namely, where the desired advice refers *not to prior wrongdoing,* but to *future wrongdoing*. It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the "seal of secrecy" between lawyer and client does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime.

*Zolin*, 491 U.S. at 562–63 (citations, alterations, quotations omitted). The Tenth Circuit has extended the crime-fraud exception to both the attorney-client privilege and the work-product doctrine. *See In re Grand Jury Subpoenas*, 144 F.3d 653, 660 (10th Cir. 1998).

A court's determination that certain otherwise privileged documents are subject to the crime-fraud exception is a two-step process. A party seeking to invoke the

6

exception and overcome a claim of privilege must first show "a factual basis adequate to support a good faith belief by a reasonable person" that the documents "may reveal evidence to establish that the crime-fraud exception applies." *Motley*, 71 F.3d at 1551; *see also Zolin*, 491 U.S. at 572.  If the movant makes a sufficient showing, the court may, in its discretion, conduct an *in camera* review of the documents.  *See Zolin*, 491 U.S. at 572.  This is "not . . . a stringent" threshold.  *Id.*  Although defendants opposed plaintiff's motion for *in camera* review, *see* Docket No. 129, defendants do not now object that the magistrate judge erred in finding an *in camera* review warranted.  Rather, defendants argue that plaintiff has failed to meet the second step of the process.  Docket No. 148 at 7–11.

What is required in the second step – namely, determining that the crime-fraud exception applies and that documents should be produced – is less clear, but there is no doubt that the evidentiary standard is increased.  *See Zolin*, 491 U.S. at 572 ("We therefore conclude that a lesser evidentiary showing is needed to trigger *in camera* review than is required ultimately to overcome the privilege.").  In *Clark*, the Supreme Court held that, "[t]o drive the [attorney-client] privilege away, there must be 'something to give colour to the charge'; there must be '*prima facie* evidence that it has some foundation in fact.'"  289 U.S. at 15 (quoting *O'Rourke v. Darbishire*, (1920) A.C. 614, 622).  The Court in *Zolin* admitted that the "use in *Clark* . . . of the phrase '*prima facie* case' to describe the showing needed to defeat the privilege has caused some confusion," 491 U.S. at 563 n.7, but the Court did not "decide the quantum of proof necessary ultimately to establish the applicability of the crime-fraud exception."  *Id.* at 563.

The Tenth Circuit has explained that "the party opposing the privilege must present *prima facie* evidence that the allegation of attorney participation in the crime or fraud has some foundation in fact." *In re Grand Jury Subpoenas*, 144 F.3d at 660 (citing *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995)). "The evidence must show that the client was engaged in or was planning the criminal or fraudulent conduct when it sought the assistance of counsel and that the assistance was obtained in furtherance of the conduct or was closely related to it." *Id.* The Tenth Circuit has also struggled with defining what constitutes *prima facie* evidence that the allegation of the attorney's participation in the crime or fraud has foundation in fact. *See id.* ("[w]e need not articulate the exact quantum of proof here").

The parties disagree how the crime-fraud exception is applied. *See generally* Docket Nos. 125, 148, 152. Defendants dispute the "some foundation in fact" standard from *In re Grand Jury Subpoenas* and argue that, "[w]here the very act of litigating is alleged as being in furtherance of a [crime or] fraud," plaintiff, as the party seeking disclosure under the exception, must show "probable cause that the litigation or an aspect thereof had little or no legal or factual basis and was carried on substantially for the purpose of furthering the crime or fraud." Docket No. 148 at 6 (quoting *United States v. Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir. 1999)). Plaintiff argues that the "some foundation in fact" standard applies. Docket No. 152 at 5 (quoting *Kovacs v. Hershey Co.*, No. 04-cv-01881-WYD-BNB, 2006 WL 2781591, at *9 (D. Colo. Sept. 26, 2006)).

Defendants provide no Tenth Circuit authority endorsing a probable cause requirement. Indeed, the Tenth Circuit cited *Richard Roe*, the case defendants rely

8

upon, as just one circuit's "attempt[] to define precisely what the standard requires." *In re Grand Jury Subpoenas*, 144 F.3d at 660. The Tenth Circuit did not, however, endorse the Second Circuit's probable cause definition – just as it did not endorse the other circuits' definitions. *See id.* (along with the Second Circuit's decision in *Richard Roe*, noting that the Third and Eleventh Circuits require evidence that, "if believed by the fact-finder, would be sufficient to support a finding that the elements of the crime-fraud exception were met," *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 95–96 (3d Cir. 1992); *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir. 1987), while the Fifth Circuit requires only enough evidence "as will suffice until contradicted and overcome by other evidence," *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1242 (5th Cir. 1982)).

Courts in this district have not been consistent in applying the *prima facie* standard. In *Lee v. State Farm Mut. Auto. Ins. Co.*, the court noted that "the purpose of the inquiry undertaken . . . is not to reach a final adjudication, but rather to determine if the plaintiff has met her burden in order to proceed with discovery." 249 F.R.D. 662, 668 (D. Colo. 2008). The court applied the "some foundation in fact" standard, requiring "the party opposing the invocation of the privilege [to] present *prima facie* evidence that the allegation of attorney participation in the underlying crime or fraud has some basis in fact." *Id.* In *Kovacs*, the court applied the "some foundation in fact" standard. *See* 2006 WL 2781591, at *9. The court in *LNV Corp. v. Hook* did the same. *See* No. 14-cv-00955-RM-CBS, 2015 WL 6153291, at *3 (D. Colo. Oct. 20, 2015) (a "party claiming crime-fraud exception 'must present *prima facie* evidence that the allegation of attorney participation in crime or fraud has some foundation in fact'" (quoting *Motley*, 71 F.3d at

1551)). Another court in this district, however, applied the probable cause standard. *See Ryskamp ex rel. Boulder Growth & Income Fund v. Looney*, No. 10-cv-00842-WJM-KLM, 2011 WL 3861437, at *9 (D. Colo. Sept. 1, 2011) ("the movant 'must at least demonstrate probable cause to believe that a crime or fraud has been attempted or committed and that the communication was in furtherance thereof'" (quoting *People v. Tucker*, 232 P.3d 194, 200 (Colo. App. 2009)). Yet another court applied a "reasonable cause" standard. *See Martensen v. Koch*, 301 F.R.D. 562, 577 (D. Colo. 2014) ("for purposes of the crime-fraud exception, reasonable cause is more than suspicion but less tha[n] a preponderance of evidence," and finding that a "*prima facie* showing of facts to support a reasonable belief that wrongful conduct occurred") (internal quotations and brackets omitted). The court in *Martensen* also noted that, in a close case, "the balance must be struck in favor of allowing discovery to effectuate the full extent of the truth seeking process." *Id.*

In this case, after the magistrate judge determined that plaintiff made a "showing of a sufficient factual basis to support a good faith belief by a reasonable person that . . . *in camera* review 'may reveal' evidence supporting the crime-fraud exception," *see* Docket No. 134 (quoting *Motley*, 71 F.3d at 1551), the magistrate judge conducted an *in camera* review of the documents and found portions of certain documents met the crime-fraud exception and ordered them to be produced. *See* Docket No. 145. Although the magistrate judge did not specify the standard that he applied at the second step, he stated at the hearing that he believed that there is a "high standard" for production. He carefully reviewed all of the documents on defendants' privilege log and found that a few sentences – less than one percent of the documents withheld – met the

10

crime-fraud exception. The few sentences that the magistrate judge ordered to be produced indicates the exacting standard that he applied.

The Court finds the "some foundation in fact" standard expressed in *Motley* and followed in *Lee*, *Kovacs*, and *LNV Corp.* to be appropriate. Under that standard, the "determination of whether such a *prima facie* showing has been made is left to the sound discretion of the district court." *Motley*, 71 F.3d at 1551. The Court does not find that the magistrate judge's order was an abuse of that discretion or was contrary to law. Having reviewed the documents in question, the Court does not find that the magistrate judge's document-by-document application of the crime-fraud exception constituted clear error or that plaintiff's allegations of defendants' attorneys' participation in the crime or fraud has no foundation in fact. *See id.* (a party claiming the crime-fraud exception "must present prima facie evidence that the allegation of attorney participation in crime or fraud has some foundation in fact"). Nor is the Court otherwise "left with the definite and firm conviction that a mistake has been committed.'" *See Ocelot Oil*, 847 F.2d at 1464 (quoting *U.S. Gypsum Co.*, 333 U.S. at 395); *see also Anderson*, 470 U.S. 573 (noting that the Court may not decide factual issues de novo on clear error review).

Assuming that the magistrate judge applied a standard for production more stringent than the "some foundation in fact" standard, the magistrate judge's order compelling production necessarily meets the lower burden that the courts in *Lee*, *LNV Corp.*, and *Kovacs* applied. *See In re Grand Jury Subpoenas*, 144 F.3d at 660. As the court explained in *Lee*, the purpose is to determine if plaintiff may proceed with discovery, not whether plaintiff has proven her claims that defendant committed a crime or fraud. *See Lee*, 249 F.R.D. at 668. Thus, even if the Court were to apply a standard

lower than what the magistrate judge is deemed to have applied, the result would be the same. Moreover, under clear error or contrary to law review, the Court is not entitled to reverse the magistrate judge's findings "simply because it is convinced that it would have decided the case differently." *See Anderson*, 470 U.S. at 573. The Court will overrule defendants' objection.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' Objection to Magistrate Judge's Order (ECF # 145) Regarding Plaintiff's Motion Pursuant to Fed. R. Civ. P. 37 to Compel *in Camera* Review of Documents to Consider Application of Crime-Fraud Exception to Assertions of Attorney-Client Privilege and Work Product (ECF #125) [Docket No. 147] is **OVERRULED**.

DATED August 25, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge