IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01212-PAB-MEH

LISA MILES a.k.a. Elisa Maria Miles, and those similarly situated,

    Plaintiffs,

v.

BKP INC.;
ELLA BLISS BEAUTY BAR LLC;
ELLA BLISS BEAUTY BAR - 2, LLC;
ELLA BLISS BEAUTY BAR - 3, LLC;
BROOK VANHAVERMAAT;
KELLY HUELSING; and
PETER KOCLANES,

    Defendants.

---

# ORDER

---

This matter comes before the Court on the Unopposed Motion for Final Approval of Proposed Class Action Settlement Agreement and for Award of Fees and Expenses to Class Counsel [Docket No. 215].

## I. BACKGROUND

This action arises out of plaintiff Lisa Miles' allegations that defendants failed to correctly compensate employees at defendants' salons. Docket No. 114 at 1-2, ¶¶ 1-4. Ms. Miles brings this action on behalf of herself and other similarly-situated workers. *See* Docket No. 114. On September 15, 2022, the Court certified three classes pursuant to Federal Rule of Civil Procedure 23(b)(3). Docket No. 163. On February 7,

2024, the Court preliminarily approved a class action settlement. Docket No. 208 at 9. On May 10, 2024, the Court held a fairness hearing. Docket No. 216.

## II. LEGAL STANDARD

Approval of a class action settlement under Fed. R. Civ. P. 23 takes place in two stages. In the first stage, the Court preliminarily certifies a settlement class, preliminarily approves the settlement agreement, and authorizes that notice be given to the class so that interested class members may object to the fairness of the settlement. In the second stage, after notice is given to the putative class, the Court holds a fairness hearing at which it addresses (1) any timely objections to the treatment of this litigation as a class action, and (2) any objections to the fairness, reasonableness, or adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2); *see, e.g.*, *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009).

A court's review for final approval is to "focus[] on whether '(1) the settlement was fairly and honestly negotiated, (2) serious legal and factual questions placed the litigation's outcome in doubt, (3) the immediate recovery was more valuable than the mere possibility of a more favorable outcome after further litigation, and (4) [the parties] believed the settlement was fair and reasonable.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 807 F. App'x 752, 757 (10th Cir. 2020) (unpublished) (quoting *Tennille v. W. Union Co.*, 785 F.3d 422, 434 (10th Cir. 2015)).

## III. ANALYSIS

### A. Overview of the Settlement Agreement

The settlement agreement provides for a classwide settlement of $750,000.00. Docket No. 207-1 at 10, ¶ IV.1.(a). The amount of the settlement amount allocated to

payments to class members will be distributed based on a formula determined by class counsel.  *Id.* at 12, ¶ IV.5.  Settlement funds will be distributed proportionally based on days worked by each class member.  Docket No. 215 at 2.  Settlement checks that cannot be delivered or are not cashed will be re-distributed to class members who cashed checks from the initial distribution on the same pro-rata basis used to determine initial payment amounts.  Docket No. 207-1 at 12, ¶ IV.7.(b).  Any funds remaining from uncashed checks after the second distribution will be distributed cy pres as selected by class counsel, namely, to Centro Humanitario Para Los Trabajadores.  *Id.* at 12-13, ¶ IV.7.(b); Docket No. 215 at 3.

The settlement agreement permits class counsel to seek attorney's fees and expenses of no more than 38% of the total settlement amount.  Docket No. 207-1 at 11, ¶ IV.2.  In addition, the settlement agreement provides for the named plaintiff, Ms. Miles, to receive an incentive award of $15,000.00.  *Id.*, ¶ IV.3.

### B.  Notice to Settlement Class

Under Rule 23(e)(1), a district court approving a class action settlement "must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1).  Rule 23(c)(2)(B) provides, in relevant part, that for "any class certified under Rule 23(b)(3) . . . [,] the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B). In addition to the requirements of Rule 23, the Due Process Clause also guarantees unnamed class members the right to notice of a settlement.  *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943-44 (10th Cir. 2005).

3

However, due process does not require that each class member receive actual notice to be bound by the adjudication of a representative action. *Id*. Instead, the procedural rights of absent class members are satisfied so long as "the best notice practicable [is given] under the circumstances including individual notice to all members who can be identified through reasonable effort." *In re Integra Realty Resources, Inc*., 262 F.3d 1089, 1110 (10th Cir. 2001) (citation omitted). Thus, the legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are "coextensive and substantially similar." *DeJulius*, 429 F.3d at 944.

The parties agreed to provide notice to the class members by first class mail and email. Docket No. 207-1 at 13-14, ¶ V.2. The Court previously approved the parties' notice plan and notice form. Docket No. 208 at 9; Docket No. 209 at 1; Docket No. 214. The claims administrator, Optime Administration, LLC ("Optime"), sent a "mailing packet," which included a copy of the notice, to 359 class members at their last known addresses via first class mail on March 14, 2024. Docket No. 215-1 at 2, ¶ 8. As of May 1, 2024, 50 mailing packets were returned as undeliverable. *Id.*, ¶ 9. Out of those 50, Optime was able to find updated mailing addresses for seven class members. *Id*. Accordingly, 316 of 359 mailing packets were successfully delivered. *Id.*, ¶ 10. The Court finds that this notice procedure satisfies Rule 23(c)(2)(B) and (e)(1).

**C.  Analysis of Rule 23(e) Factors**

Rule 23(e) provides that a proposed settlement may be approved only after a "finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination, "trial judges bear the important responsibility of protecting absent class members" and must be "assur[ed] that the settlement represents adequate

4

compensation for the release of the class claims." *In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 349 (3d Cir. 2010); *see also Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623 (1997) (noting that the Rule 23(e) inquiry "protects unnamed class members from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise") (citations omitted).

To determine whether a proposed settlement is fair, reasonable, and adequate, courts consider the following factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) whether, in the judgment of the parties, the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). If the settling parties can establish these factors, courts usually presume that the proposed settlement is fair and reasonable. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) (applying an "initial presumption of fairness" to a proposed settlement where: (1) it is the result of arm's length negotiations; (2) it is based on sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected).

In addition, Rule 23(e)(2) states that a court is to consider the following factors when determining whether a settlement is fair, reasonable, and adequate:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
  (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).  "The goal of this amendment is . . . to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal."  Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment.

  The Court determines that the settlement agreement is fair, reasonable, and adequate under the factors set forth in Rule 23(e)(2) and *Rutter*.  The Court finds that the negotiations were done fairly and honestly.  As discussed in the Court's order preliminarily approving the settlement, the settlement agreement was the product of significant negotiations and discussion between the parties, there is no evidence that the settlement agreement was the result of collusion between the parties, serious questions of law and fact exist placing the ultimate outcome of litigation in doubt, and the value of immediate recovery outweighs the possibility of future relief after litigation.  Docket No. 208 at 6-7; *see also* Docket No. 215 at 4-5.  Furthermore, the parties believe that the settlement is fair and reasonable.  Docket No. 208 at 7.

  Additionally, no class members objected to the settlement agreement.  Docket No. 215 at 2; Docket No. 215-1 at 2, ¶ 11; Docket No. 216 at 1 (courtroom minutes noting that no class members appeared at the fairness hearing to object to settlement agreement).  The reaction of class members indicates that the relief is adequate and that class members support the settlement.  Finally, the Court finds that the settlement

6

treats class members equitably and the representative plaintiffs and class counsel have adequately represented the class.

As a result, the Court finds that the settlement agreement is fair, reasonable, and adequate under the factors set forth in Rule 23(e)(2) and *Rutter*.

## IV.  ATTORNEY'S FEES AND INCENTIVE AWARD

Class Counsel requests $285,000.00 in fees and expenses, which is 38% of the settlement fund.  Docket No. 215 at 7.   Plaintiff requests an incentive award of $15,000. *Id.* at 6.  The notice to class members stated that class counsel would request $285,000.00 in attorney's fees and expenses and a service award of $15,000 for plaintiff.  Docket No. 215-1 at 5.  No class members objected to the request for attorney's fees, expenses, or the incentive award.  Docket No. 215 at 2, 7; Docket No. 215-1 at 2, ¶ 11; Docket No. 216 at 1.

In a certified class action, the court may award reasonable attorney's fees and costs that are authorized by the parties' agreement provided that (1) the claim for an award is made by a motion under Rule 54(d)(2) and notice of the motion is directed to class members; (2) a class member or party from whom payment is sought may object; and (3) the court finds facts and states its legal conclusions.  Fed. R. Civ. P. 23(h).

### A.  Attorney's Fees

In common fund cases, the Tenth Circuit has "recognized the propriety of awarding attorneys' fees . . . on a percentage of the fund, rather than lodestar, basis." *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993); *accord Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994) (holding that, although either method is permissible in common fund cases, "*Uselton* implies a preference for the

7

percentage of the fund method"). Because this is a common fund case and because the fee request is for a percentage of the common fund, the Court will consider the attorney's fees award using the percentage of the fund approach. *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988) (distinguishing common fund and statutory fees cases); *see also Paulson v. McKowen*, No. 19-cv-02639-PAB-NYW, 2023 WL 2528783, at *7 (D. Colo. Mar. 15, 2023).

The "percentage reflected in a common fund award must be reasonable" and the court "must articulate specific reasons for fee awards." *Brown*, 838 F.2d at 454 (citation and internal quotations omitted). In determining the reasonableness of a percentage award, courts apply the *Johnson* factors, which are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee - this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. at 454-55 (citing *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 717 (5th Cir. 1974)); *see also Gottlieb*, 43 F.3d at 483. "[R]arely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation." *Brown*, 838 F.2d at 455-56 ("The court here clearly considered all of the relevant *Johnson* factors and applied them appropriately."). Thus, in evaluating the reasonableness of a fee award, a court need not specifically address each *Johnson* factor. *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1083 (10th Cir. 1998).

Over the last five years of litigation, class counsel has spent at least 382.5 hours on this case. Docket No. 215 at 8; Docket No. 215-2 at 3, ¶ 4; Docket No. 215-3 at 10,

¶ 17.  The case involved numerous legal questions, including issues governed by highly technical state and federal wage statutes and regulations.  Docket No. 215 at 8.  Class counsel has significant experience in class action cases and employment law litigation, as reflected in their histories provided to the Court.  See Docket No. 133-18 at 2-5, ¶¶ 10-13, 19-21; Docket No. 215-3 at 4-9, ¶¶ 7-16.  In addition, class counsel litigated this case on a contingency basis, see Docket No. 215 at 10, adding to the risk class counsel incurred by bringing the case.  See In re Crocs, Inc. Secs. Litig., No. 07-cv-02351-PAB-KLM, 2014 WL 4670886, at *4 (D. Colo. Sept. 18, 2015) ("A contingent fee arrangement often weighs in favor of a greater fee because such a large investment of money and time places incredible burdens upon law practices." (internal alterations, quotations, and citation omitted)).  A fee of one-third of the common fund is typical in complex cases.  See id. at *3 (collecting cases).  Class counsel's fee request is 38% of the common fund.  Docket No. 215 at 9.  Although this request is greater than one-third, it is within the range of fees awarded by courts in similar cases.  See, e.g., Whittington v. Taco Bell of Am., Inc., No. 10-cv-01884-KMT-MEH, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) (awarding 39% of settlement fund for attorney's fees).  The Court finds that, under the Johnson factors, an award of $285,000 in attorney's fees and expenses to class counsel is reasonable.[1]  Accordingly, the Court awards class counsel $285,000 in attorney's fees and expenses.

---

[1] Furthermore, class counsel represents that, under the lodestar method, they would have incurred $233,500.00 in attorneys' fees as of May 3, 2024.  Docket No. 215 at 12; see also Docket No. 215-2 at 3, ¶ 4; Docket No. 215-3 at 10, ¶¶ 17-18.  A fee award of $285,000 is equal to the loadstar with a 1.22 multiplier.  Docket No. 215 at 12.  Courts have awarded fees equivalent to the loadstar with multipliers ranging from 0.8 to 4.6.  Mishkin v. Zynex, Inc., No. 09-cv-00780-REB-KLM, 2012 WL 4069295, at *2 (D. Colo. Sep. 14, 2012) (awarding a fee equivalent to the loadstar with a 0.8 multiplier and

### B. Incentive Award

"Courts have recognized that an award may be appropriate to provide an incentive to act as a named plaintiff." *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 467 (10th Cir. 2017). Additionally, "courts regularly give incentive awards to compensate named plaintiffs for the work they performed—their time and effort invested in the case." *Id*. at 468 (collecting cases). The proposed settlement grants Ms. Miles a service award of $15,000. Docket No. 207-1 at 11, ¶ IV.3. Ms. Miles "stuck with the litigation for over five years, participated in written discovery, sat through a contentious deposition, and participated heavily in settlement negotiations before Magistrate Judge Hegarty." Docket No. 215 at 6. An award of $15,000 is within the range of awards that courts have approved in similar cases. *See, e.g., Valverde v. Xclusive Staffing, Inc.,* No. 16-cv-00671-RM-NRN, 2020 WL 4057585, at *5 (D. Colo. July 20, 2020) (awarding $20,000 to each of the six named plaintiffs). The Court finds that an incentive award of $15,000 is fair and reasonable based on Ms. Miles' involvement in this case. Therefore, the Court awards Ms. Miles an incentive award of $15,000.

## V. CONCLUSION

Wherefore, it is

**ORDERED** that the Unopposed Motion For Final Approval of Proposed Class Action Settlement Agreement and for Award of Fees and Expenses to Class Counsel [Docket No. 215] is **GRANTED**. It is further

---

collecting cases approving multipliers ranging from 2.5 to 4.6). The Court finds that the loadstar cross-check weighs in favor of the reasonableness of the award.

10

**ORDERED** that, because the Court finds that the notice given to members of the class was the best notice practicable under the circumstances, was reasonably calculated under the circumstances to apprise such members of the pendency of this action and to afford them an opportunity to object to, and meets the requirements of Rule 23 (c)(2)(B) and (e)(1), and because the Court has afforded a full opportunity to all class members to be heard, all members of the class are bound by the settlement agreement.  It is further

**ORDERED** that, because the Court finds that the settlement agreement is fair, reasonable, and adequate pursuant to Rule 23(e)(2), the settlement agreement is approved and the parties shall consummate the settlement agreement in accordance with its terms and provisions and shall fulfill their obligations and duties under the settlement agreement.  It is further

**ORDERED** that the named plaintiff shall file the settlement agreement as a separate docket entry within **seven days** of the entry of this order.  It is further

**ORDERED** that the named plaintiff and all class members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the claims released by the settlement agreement.  It is further

**ORDERED** that class counsel is awarded $285,000 from the settlement fund, which represents thirty-eight percent of the net settlement fund.  It is further

**ORDERED** that the named plaintiff Lisa Miles is awarded an incentive award of $15,000 from the settlement fund.  It is further

**ORDERED** that neither this order nor the settlement agreement is an admission or concession by defendants respecting any facts, liabilities, or wrongdoing.  It is further

**ORDERED** that, without affecting the finality of this order, the Court retains jurisdiction to consider all further matters arising out of or connected with the settlement agreement, including its implementation.  It is further

**ORDERED** that judgment shall be entered dismissing this case with prejudice.

DATED May 28, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge